# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

**UNITED STATES OF AMERICA**

**-v-**                                    **1:09-10090-01-JDB**

**SHAUN PATRICK SULLIVAN**

                                 **W. Joshua Morrow, FPD**
                                 **Defense Attorney**
                                 **109 S. Highland Avenue**
                                 **Suite 105**
                                 **Jackson, TN 38301**

---

## REDACTED JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count 1 of the Indictment on May 13, 2010. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §2422(b) | Using Interstate commerce to persuade, induce, entice, or coerce a minor to engage in sexual activity | 07/23/2009 | 1 |
| 18 U.S.C. §2428 | Defendant Ordered to forfeit to the United States any property used or intended to be used to commit or to promote the commission of the aforesaid offenses | 07/23/2009 | 2 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
August 12, 2010

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

Date: August 13, 2010

Defendant's Date of Birth:  **/**/1981
Defendant's Soc. Sec. No. ***-**-9172
Deft's U.S. Marshal No.:    64423-279

Defendant's Mailing Address:

San Antonio, TX 78213

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **120 Months** on Count 1 of the Indictment.

The Court recommends to the Bureau of Prisons:

- 500 Hour Drug Program
- Placement at Segoville, Texas where he may participate in sex offenders treatment and counseling programs

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____to _____

 at_____, with a certified copy of this judgment.

_____
                                                            UNITED STATES MARSHAL

                            By:_____
                                        Deputy U.S. Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years** on Count 1 of the Indictment.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

5. The defendant shall notify the probation officer **ten(10) days prior** to any change in residence or employment;

6. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

7. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

8.      The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

9.      The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

10.     The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

11.     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

12.     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13.     If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1.      The defendant shall participate as directed in a specialized sex offender treatment program that may include the use of a plethysmograph and/or polygraph.

2.      The defendant must register as a sex offender with the local law enforcement and state agency of any location that the defendant resides.

3.      The defendant may not loiter near schools, playgrounds, swimming pools, arcades, or other places frequented by children.

4.      The defendant is  prohibited from possessing any type of pornography.

5.      The defendant is prohibited from using sexually oriented telephone numbers or services.

6.      The defendant must follow all state and federal regulations as they apply to residency proximity to parks, playgrounds, public pools, or any other location frequented by children.

7.      The defendant may not directly or indirectly contact any child under the age of eighteen (18) without the approval of the Probation Officer.

8.      The defendant may not use or possess devices that communicate data via modem or dedicated connection and may not have access to the internet.

9.      The defendant is prohibited from having an intimate relationship with any woman, outside of his marriage to Shannon Sullivan, who has a child under the age of eighteen (18).

10.    If deemed necessary by the United States Probation Office, the defendant will be required to abide by an evening curfew.

11.    The defendant shall participate in drug abuse testing and treatment programs as directed by the Probation Officer.

12.    The defendant shall not possess firearms or other dangerous weapons.

13.    The defendant shall cooperate with DNA collection as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | | |

The Special Assessment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

No Restitution was ordered.